IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVE RAMSLAND, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 1:13-mi-99999 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH RAMSEY, | ) | |
| | ) | |
| _____Defendant_____ | ) | |

## <u>VERIFIED COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff STEVE RAMSLAND ("Ramsland") and files this Complaint for Damages against Defendant KEITH RAMSEY ("Ramsey"), showing the Court as follows:

## <u>PARTIES</u>

1.

Plaintiff Steve Ramsland is a North Carolina resident, residing at 412 Black Forrest Drive, Clayton, North Carolina 27527.

2.

Defendant Keith Ramsey is an individual resident of Georgia who may be served at 4412 Mendi Court, Suwanee, Georgia or wherever he may be located.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

4.

This Court has jurisdiction over this cause of action because the issues present a federal question pursuant to 15 U.S.C. § 78j(b).

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides and/or conducts business in Gwinnet County, Georgia, which is included in the Atlanta Division of the Northern District of Georgia.

## FACTUAL BACKGROUND

6.

On or about January 27, 2009, Defendant Keith Ramsey filed a Complaint for Divorce against Gloria Ramsey in the Superior Court of Polk County, Georgia.

A true and accurate copy of the Complaint for Divorce is attached hereto as Exhibit A.

7.

Gloria Ramsey filed an Answer and a Counterclaim for Divorce seeking alimony and an equitable division of assets. A true and accurate copy of the Answer and Counterclaim is attached hereto as Exhibit B.

8.

In the Superior Courts for the Tallapoosa Judicial Circuit, of which Polk County Georgia is a part, all divorce and domestic relations cases are subject to a Standing Order effective from the date and time of filing suit. The Standing Order enjoins and restrains the parties from "selling, encumbering, contracting to sell, or otherwise disposing of or removing from the jurisdiction of Court, any of the property belonging to the parties, except in the ordinary course of business." A true and accurate copy of the Standing Order is attached hereto as Exhibit C.

9.

Prior to January 27, 2009, Ramsey owned 55% of the shares of Horizon Satellites, Inc., a Georgia Corporation and was the majority shareholder in Horizon Satellites, Inc., a Georgia Corporation.

3

10.

In June, 2012, Defendant Ramsey entered into a Stock Transfer Agreement with Plaintiff Ramsland.   Pursuant to the Stock Transfer Agreement, Defendant Ramsey transferred 12% of his stock in Horizon Satellites, Inc. to Plaintiff.  A true and accurate copy of the Stock Transfer Agreement is attached hereto as Exhibit D.

11.

Defendant Ramsey fraudulently represented to Plaintiff that he had full right, title, and interest in the stock and that there were no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff.  See Exhibit D.

12.

On or about July 1, 2013, the Superior Court of Polk County, Georgia entered an Order and set aside the Stock Transfer Agreement, returning the 12% shares belonging to Plaintiff to Defendant Ramsey due to Defendant's violation of the Standing Order attached hereto as Exhibit C.  A true and accurate copy of the Order setting aside the Stock Transfer Agreement is attached hereto as Exhibit E.

## COUNT I

### SECURITIES FRAUD – 15 U.S.C. § 78j(b)

13.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 12 of this Complaint.

14.

Ramsey falsely represented that he held full right, title, and interest to the stock of Horizon Satellites, Inc. and that there were no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff on the date that he executed the Stock Transfer Agreement.

15.

On the date that he signed the Stock Transfer Agreement, Ramsey knew that he was prohibited from transferring any of his assets, including the stock of Horizon Satellites, Inc. pursuant to the Standing Order of the Polk County Superior Court entered in the pending divorce action.

16.

Ramsey intentionally and recklessly represented to Plaintiff that he held full right, title, and interest to the stock of Horizon Satellites, Inc. and that there were

5

no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff on the date that he executed the Stock Transfer Agreement.

17.

Plaintiff reasonably relied on Ramsey's representations that he was able to transfer his stock in Horizon Satellites, Inc. by entering into the Stock Transfer Agreement and continuing to work for Horizon Satellites, Inc.

18.

As a result of Ramsey's fraudulent representations, Plaintiff has been deprived of his ownership interest in Horizon Satellites, Inc. and the attendant economic benefits of his ownership interest.

19.

Ramsey's fraudulent representations are the direct and proximate cause of Plaintiff's economic loss.

## COUNT II

### FRAUD

20.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 19 of this Complaint.

21.

Ramsey falsely represented that he held full right, title, and interest to the stock of Horizon Satellites, Inc. and that there were no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff on the date that he executed the Stock Transfer Agreement.

22.

On the date that he signed the Stock Transfer Agreement, Ramsey knew that he was prohibited from transferring any of his assets, including the stock of Horizon Satellites, Inc. pursuant to the Standing Order of the Polk County Superior Court entered in the divorce action.

23.

Ramsey intentionally and recklessly represented to Plaintiff that he held full right, title, and interest to the stock of Horizon Satellites, Inc. and that there were no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff on the date that he executed the Stock Transfer Agreement.

24.

Plaintiff reasonably relied on Ramsey's representations that he was able to transfer his stock in Horizon Satellites, Inc. by entering into the Stock Transfer Agreement and continuing to work for Horizon Satellites.

25.

As a result of Ramsey's fraudulent representations, Plaintiff has been deprived of his ownership interest in Horizon Satellites, Inc. and the attendant economic benefits of his ownership interest.

26.

Ramsey's fraudulent representations are the direct and proximate cause of Plaintiff's economic loss.

## COUNT III

### STATE LAW SECURITIES FRAUD – O.C.G.A. § 10-5-1 et. seq.

27.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 26 of this Complaint.

28.

Ramsey falsely represented that he held full right, title, and interest to the stock of Horizon Satellites, Inc. and that there were no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff on the date that he executed the Stock Transfer Agreement.

29.

On the date that he signed the Stock Transfer Agreement, Ramsey knew that he was prohibited from transferring any of his assets, including the stock of Horizon Satellites, Inc. pursuant to the Standing Order of the Polk County Superior Court in the divorce action.

30.

Ramsey intentionally and recklessly represented to Plaintiff that he held full right, title, and interest to the stock of Horizon Satellites, Inc. and that there were no conditions presently existing that would impair his right or ability to transfer the stock to Plaintiff on the date that he executed the Stock Transfer Agreement.

31.

Plaintiff reasonably relied on Ramsey's representations that he was able to transfer his stock in Horizon Satellites, Inc. by entering into the Stock Transfer Agreement.

32.

As a result of Ramsey's fraudulent representations, Plaintiff has been deprived of his ownership interest in Horizon Satellites, Inc. and the attendant economic benefits of his ownership interest.

33.

Ramsey's fraudulent representations are the direct and proximate cause of Plaintiff's economic loss.

## COUNT IV

## PUNITIVE DAMAGES

34.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 33 of this Complaint.

35.

Defendant's actions and inactions rise to the level of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that raises the presumption of conscious indifference to the consequences of his actions within the parameters of O.C.G.A. § 51-12-5.1(b).

36.

Defendant is liable for punitive damages under Georgia law in an amount to be proven at trial.

## COUNT V

### ATTORNEY'S FEES – O.C.G.A. § 13-6-11

37.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 36 of this Complaint.

38.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense so as to entitle Plaintiff to recover from Defendant his reasonable attorneys' fees and expenses incurred in pursuing this action.

11

## COUNT VI

### TEMPORARY RESTRAINING ORDER

39.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 38 of this Complaint.

40.

Plaintiff moves this Court for an order temporarily restraining Defendant, from taking any action with regard to the governance, operation, or board members of Horizon Satellites, Inc. until such time as this Court holds a hearing and determination of the entry of an injunction.

41.

Plaintiff will suffer immediate and irreparable injury, loss and damages unless such an order is issued before notice can be given and defendant heard in opposition, as appears from the facts set forth in this verified complaint for damages.

42

Defendant has received notice that Plaintiff is seeking a temporary restraining order by service of this Verified Complaint for Damages.

WHEREFORE, Plaintiff Steve Ramsland demands the following relief:

(a)     That summons issue requiring the Defendant to appear as provided by law to answer fully and completely each and every allegation of this Verified Complaint for Damages;

(b)     That this matter be tried to a jury;

(c)     That Plaintiff have and recover damages from the Defendant in excess of $75,000 or such other amount as a jury deems just and appropriate to fully and completely compensate Plaintiff for his losses caused by Defendant's actions;

(d)     That Plaintiff have judgment against the Defendant for the amount of reasonable attorneys' fees and expenses incurred in this action;

(e)     That the Court enter a Temporary Restraining Order maintaining the status quo and forbidding the Defendant from taking any action with regard to Horizon Satellites, Inc., its governance, its operation, or its Board of Directors;

(f)     That all costs be cast against the Defendant; and

(g)     That Plaintiff have such other and further relief as this Court deems just and proper.

This 12th day of July, 2013.

<div style="margin-left:50%;">

/s/ Tawana B. Johnson
Jason B. Godwin
Georgia Bar No.  142226
Tawana B. Johnson
Georgia Bar No. 339485
Attorneys for Plaintiff Steve
Ramsland
3330 Cumberland Blvd. Suite 300
Atlanta, GA  30339
Phone:  770-790-3350
Fax:  770-790-3520
JGodwin@bssfirm.com
Tjohnson@bssfirm.com

</div>

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)

Pursuant to LR 7.1(D), counsel for Plaintiff certifies that the VERIFIED COMPLAINT FOR DAMAGES has been prepared with Times New Roman font (14 point) approved by the Court in LR 5.1(B).

This 12th day of July, 2013.

/s/ Tawana B. Johnson
Tawana B. Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVE RAMSLAND, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH RAMSEY, | ) | |
| | ) | |
| _____Defendant_____ | ) | |

## **VERIFICATION**

PERSONALLY APPEARED BEFORE me, the undersigned officer duly authorized by law to administer oaths, Steve Ramsland, who, after being duly sworn, deposes and states under oath that the facts contained in the Verified Complaint for Damages are true and correct to the best of his knowledge and belief.

This _11ᵗʰ_ day of July, 2013.

_____

STEVE RAMSLAND

Sworn to and subscribed before me
this _11ᵗʰ_ day of July, 2013.

_____
Notary Public                    [SEAL]

My commission expires
December 5, 2015.